NOS.
12-05-00126-CR

         
12-05-00127-CR

         
12-05-00128-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

MYRON ANTRON MOSLEY,         §                      APPEAL
FROM THE EIGHTH

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE   §                      RAINS
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

PER
CURIAM

            Myron Antron
Mosley appeals the revocation of his deferred adjudication probation following
three convictions for sexual assault. 
After revoking Appellant’s probation, the trial court sentenced him to
multiple terms of imprisonment. 
Appellant’s counsel filed a brief in compliance with Anders v.
California , 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and Gainous
v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969).  Thereafter, Appellant filed a pro se
brief.  We affirm.

                                                

Background








            Pursuant to a plea bargain with the
State, Appellant pleaded guilty to three charges of sexual assault.  The court deferred finding Appellant guilty
and placed him on probation for seven years. 
The State subsequently filed a motion to revoke Appellant’s probation
and to proceed to adjudication, alleging that Appellant had violated certain terms
of his probation.  Appellant pleaded “true”
to violating two conditions of his probation in each cause as alleged in the
State’s motion.  Subsequently, a hearing
was conducted on the State’s motion, and the trial court found that Appellant
had violated certain terms of his probation as alleged.  The trial court thereafter revoked Appellant’s
probation, proceeded to adjudicate Appellant guilty, and assessed Appellant’s
punishment as follows:  imprisonment for
twenty years in cause number 3878;[1] imprisonment for twenty years in
cause number 3879;[2] and imprisonment for ten years in cause number 3880.[3]  The trial court ordered that the sentences in
cause numbers 3878 and 3879 run concurrently and that the sentence in cause
number 3880 run consecutively to the two twenty year sentences.  This appeal followed.

 

Analysis Pursuant
to Anders v. California

            Appellant’s
counsel filed a brief in compliance with Anders and Gainous.  Appellant’s counsel states that he has
diligently reviewed the appellate record and is of the opinion that the record
reflects no reversible error and that there is no error upon which an appeal
can be predicated.  He further relates
that he is well acquainted with the facts in this case.  In compliance with Anders, Gainous,
and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978),
Appellant’s Anders brief presents a chronological summation of
the procedural history of the case and further states that Appellant’s counsel
is unable to raise any arguable issues for appeal. 

            Thereafter,
Appellant filed a pro se brief in which he raised issues concerning (1) his unknowing
acceptance of plea bargains related to two of his underlying convictions; (2)
the prosecutor’s intentionally eliciting perjured testimony in one of the
underlying trials, and (3) ineffective assistance of counsel in the underlying
trials, at the hearing on the State’s motion, and on appeal.  We have reviewed the record for reversible
error and have found none.  See Bledsoe
v. State, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

 

 

Conclusion

            As required by Stafford v.
State, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant’s counsel has
moved for leave to withdraw.  We carried
the motion for consideration with this matter. 
Having done so and having found no reversible error, Appellant’s counsel’s
motion for leave to withdraw is hereby granted and the trial
court’s judgment is affirmed.

 

Opinion delivered April 28, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1] Appellate cause number 12-05-00126-CR.

 





[2] Appellate cause number 12-05-00127-CR.

 





[3] Appellate cause number
12-05-00128-CR.